**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ANTHONY DEMETRIUS GARLAND,
D.O.C. # L42997,**

      **Plaintiff,**

**vs.**                               **Case No. 4:13cv33-RH/CAS**

**JON S. WHEELER, JUDGE SHELFER,
BOB INZER, and THOMAS D. HALL,**

      **Defendants.**

                                            /


## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding pro se, has submitted a civil rights complaint, doc. 1, and a motion seeking leave to proceed in forma pauperis, doc. 2. Plaintiff's complaint and the in forma pauperis motion are virtually identical to the complaint and in forma pauperis motion Plaintiff submitted on January 10, 2013, in case no. 4:13cv14-WS/CAS. Plaintiff alleges generally that he has been deprived of his "right to a writ of mandamus" and contends the Defendants have conspired against him. Doc. 1. Plaintiff claims that his motions are not heard and considered by the state courts. *Id.* Importantly, what Plaintiff does *not* claim is that he is in imminent danger of serious physical injury from the Defendants, nor could he do so considering the fact that Defendants are not physically located with Plaintiff.

Plaintiff has not listed on the complaint form all of his prior cases. He has not alerted the Court to the fact that Plaintiff is a frequent filer and has accumulated more than three "strikes" under 28 U.S.C. § 1915(e). Plaintiff knows full well he is not entitled to proceed with in forma pauperis status. 28 U.S.C. § 1915(g). In case 4:09cv358-SPM/WCS, filed in this Court, Plaintiff attempted to deceive the Court by not disclosing his prior dismissals under § 1915(e). *See* doc. 7 of that case. Plaintiff has attempted the same tactic in this case.

Previously, cases 08cv1020 and 08cv61054 were dismissed as frivolous by the Southern District of Florida, and case 08cv61052 was dismissed for failure to state a claim. Furthermore, cases 4:08cv580-RS/WCS, 4:10cv67-SPM/WCS, 4:11cv256-SPM/WCS and case 4:11cv235-RH/WCS were all dismissed in this Court as barred by 28 U.S.C. § 1915(g).

Plaintiff is well aware that he is barred from proceeding with in forma pauperis status and the instant motion to do so, doc. 2, must be denied. Plaintiff is fully aware that he may not proceed in federal court without full payment of the filing fee at the time of case initiation. Plaintiff has also been informed many times during the course of his litigation efforts that he must disclose all prior cases he has filed, a requirement Plaintiff continues to try to avoid. Plaintiff's allegations in the complaint, doc. 1, concerning access to state court does not bring Plaintiff within the "imminent danger" exception, and this case dismissed under 28 U.S.C. § 1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** as Plaintiff is not entitled to in forma pauperis status under 28 U.S.C. § 1915(g) and Plaintiff did not pay the filing fee at the time of case initiation. It is further

**RECOMMENDED** that the Clerk be directed to note on the docket that this case was dismissed under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 1, 2013.


 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**